IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANKLIN J. MORRIS, as Personal
Representative of the Wrongful Death
Estate of MARCELLINO MORRIS, JR.,
(Deceased),

      Plaintiff,

vs.                                            No. _____

GIANT FOUR CORNERS, INC. d/b/a
GIANT #7251 and ANDY RAY DENNY,
an Individual,

      Defendants.

## DEFENDANT GIANT FOUR CORNERS, INC.'S
## NOTICE OF REMOVAL

Defendant Giant Four Corners, Inc. ("Giant"), pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, gives notice of the removal of the above-captioned matter from the Eleventh Judicial District Court in the County of McKinley, State of New Mexico, to the United States District Court for the District of New Mexico, under 28 U.S.C. §§ 1332, 1441(a), and 1446. As grounds for removal, Giant states as follows:

**I.**      **Case Background and Procedural Prerequisites for Removal.**

1. On December 18, 2014, Plaintiff commenced this state court proceeding in the Eleventh Judicial District Court (McKinley County), as civil cause No. D-1113-CV-2014-00435. Copies of the pleadings filed in the state court proceeding are attached as Exhibit A.

2. Approximately 12 months earlier, Plaintiff filed a virtually identical proceeding in the District Court of the Navajo Nation Judicial District of Crownpoint, Navajo Nation. See Morris v. Giant Four Corners, Inc. et al., No. CP-CV-000036-2014 (filed January 13, 2014).

That proceeding is still ongoing. This Notice of Removal, however, seeks removal of only the later, separately-filed state court proceeding.

3. Plaintiff served Giant by certified mail at its registered agent in Hobbs, New Mexico. Giant, via its registered agent, received notice of the complaint on December 22, 2014. This service was Giant's first notice of this lawsuit. (See Service of Process Transmittal, dated Dec. 22, 2014, attached as Exhibit B)

3. Giant timely filed this Notice of Removal in this Court within 30 days of its initial receipt of the pleadings in the case. See 28 U.S.C. § 1446(b). The state court in which this action was commenced is within this Court's district. This action, therefore, is properly removed to this Court under 28 U.S.C. §§ 1441(a), 1446. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354-56 (1999) (30 day period for removal does not begin to run until defendant is served with complaint).

4. Giant's counsel contacted counsel for Defendant Andy Ray Denny and determined that, as of the time Giant filed this Notice of Removal, Plaintiff had not served Defendant Denny. Given that Defendant Denny has not been properly served, he need not join in or consent to removal. 28 U.S.C. § 1446(b)(2)(A).

II.     **This Court Has Diversity Jurisdiction Over This Action.**

5. This action properly is removable to federal court pursuant to 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. There is complete diversity of citizenship between all properly joined parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Thus, this action properly may be removed to this Court under 28 U.S.C. § 1441(b).

### A. The Proper Parties to this Action are Citizens of Different States

6. Plaintiff resides in Albuquerque, New Mexico, and brings this lawsuit as personal representative of Decedent Marcellino Morris, Jr., who resided in McKinley County, New Mexico. (Compl. ¶ 1.) Plaintiff is a citizen of New Mexico for purposes of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.

7. Giant is an Arizona corporation, which maintains its principal place of business at 1250 West Washington Street, Suite 101, Tempe, Arizona 85281. (See Compl. ¶ 3.) Giant is a citizen of Arizona for purposes of diversity jurisdiction.

8. Defendant Denny chose to be released to a half-way house in Tucson, Arizona upon completion of his imprisonment. (See Compl. ¶ 5.) Defendant Denny intends to remain an Arizona resident. Defendant Denny, therefore, is a citizen of Arizona for purposes of diversity jurisdiction. See Smith v. Cummings, 445 F.3d 1254, 1260 (10th Cir. 2006) ("If . . . the prisoner decides he wants to live in another state upon release and is therefore assigned to a prison in that state, his domicile becomes that state."); Stifel v. Hopkins, 477 F.2d 1116, 1126 (6th Cir. 1973) (Prisoner can be citizen of state in which prisoner resides notwithstanding that presence in that state "initially resulted from circumstances beyond his control" if prisoner intends to make the state the prisoner's domicile.)

9. There is complete diversity between Plaintiff and Defendants.

### B. The Amount in Controversy Exceeds $75,000

10. The amount in controversy for removal jurisdiction normally is determined by reference to allegations in the plaintiff's complaint. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). Where a state rule of procedure provides that the amount of damages may not be included in the complaint, see Rule 1-008(A)(3) NMRA, then "the notice of removal may

assert the amount in controversy." 28 U.S.C. §§ 1446(c)(2)(A)(ii). In that instance, the Court must examine the facts existing at the time of removal and determine whether those "establish the jurisdictional amount by a preponderance of the evidence." Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001). The Court may look to the substance and nature of the damages described in the pleadings. McPhail v. Deere, 529 F.3d 947, 955-56 (10th Cir. 2008).

11.     Here, Plaintiff's allegations demonstrate that he is clearly seeking more than the required $75,000 jurisdictional amount. Plaintiff alleges wrongful death associated with an automobile accident that occurred on December 30, 2011 that resulted in the death of M. Morris. (Compl. ¶¶ 10-37.) Plaintiff seeks compensatory monetary damages for M. Morris's alleged wrongful death. (Id. ¶ 75.) It would be unreasonable to assume that the compensatory damages that Plaintiff seeks for the claims he brings related to M. Morris's alleged wrongful death alone are less than $75,000, exclusive of interest and costs.

12.     Plaintiff also seeks punitive damages. (Id. ¶¶ 57, 65, 73, 75-76.) Following the United States Supreme Court's rulings in BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996) and TXO Prod. Corp. v. Alliance Res. Corp., 509 U.S. 443 (1993) (plurality opinion), New Mexico courts have upheld punitive damages awards of up to ten times the amount of the awarded compensatory damages. See Aken v. Plains Elec. Generation & Transmission Coop., Inc., 2002-NMSC-021, 132 N.M. 401, 49 P.3d 662; Allsup's Convenience Stores, Inc. v. N. River Ins. Co., 1999-NMSC-6, 127 N.M. 1, 976 P.2d 1.

13.     Giant denies Plaintiff's contentions and all liability and specifically denies that Plaintiff is entitled to any damages whatsoever. Nonetheless, given the nature of claim for compensatory damages for wrongful death, coupled with Plaintiff's claim for punitive damages, it is reasonable to find that the total amount of damages Plaintiff seeks to recover in this case

exceeds $75,000. See McPhail v. Deere & Co., 529 F.3d at 954 (a defendant is entitled to stay in federal court unless it is "legally certain" that less than $75,000 is at stake). Accordingly, the amount in controversy at the commencement of the action and at the present time exceeds $75,000, exclusive of interest and costs.

### III. Conclusion.

14.     The state court proceeding brought by Plaintiff above-captioned state court action, therefore, is one in which this Court has original jurisdiction because it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332, 1441.

15.     In accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal have been served on Plaintiff's counsel and filed with the Clerk of the Eleventh Judicial District Court in and for the County of McKinley, New Mexico.

> Respectfully submitted,
>
> RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.
>
> By: *"Electronically Filed" /s/ Andrew G. Schultz*
>     Andrew G. Schultz
>     Matthew M. Beck
> P.O. Box 1888
> Albuquerque, NM 87103
> Telephone:    (505) 765-5900
> Facsimile:    (505) 768-7395
> E-mail:       aschultz@rodey.com
>               mbeck@rodey.com
>
> *Attorneys for Defendant Giant Four Corners, Inc.*

We hereby certify that a true copy
of the foregoing was mailed to the
following counsel:

>Zackeree S. Kelin
>The Kelin Law Firm
>111 Tulane Drive, SE
>Albuquerque, NM 87106
>z.kelin@kelinlaw.com

>Meena Allen
>Simone, Roberts & Weiss, P.A.
>11200 Lomas Blvd. NE, Suite 210
>Albuquerque, NM 87112
>mallen@srw-law.com

this **20th** of January, 2012.


RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By    */s/ Andrew G Schultz*                              .
      Andrew G. Schultz