FILED IN MY OFFICE
DISTRICT COURT CLERK
12/18/2014 11:31:32 AM
WELDON J. NEFF
Jacelyn Etsitty

STATE OF NEW MEXICO
COUNTY OF MCKINLEY
ELEVENTH JUDICIAL DISTRICT

D-1113-CV-2014-00435

Case No. D-1113-CV-2014-

FRANKLIN J. MORRIS, As Personal
Representative of the Wrongful Death
Estate of MARCELLINO MORRIS, JR.
(Deceased),

        Plaintiff,

vs.

GIANT FOUR CORNERS, INC. d/b/a
GIANT #7251 and ANDY RAY DENNY,
An Individual,

        Defendants.

## COMPLAINT FOR WRONGFUL DEATH

### NATURE OF CASE

This case arises from the negligent sale of gasoline to an intoxicated individual, Defendant Andy Ray Denny ("Denny"), at the GIANT Mustang Gas & Convenience Store #7251 in Tohatchi, New Mexico ("Tohatchi GIANT Store") and the subsequent fatal motor vehicle crash that killed Decedent Marcellino Morris. The Tohatchi GIANT Store is owned and operated by Defendant GIANT FOUR CORNERS, INC. ("GIANT"), an Arizona corporation registered to do business in the State of New Mexico which sells and supplies gasoline to the public at the Tohatchi location. Plaintiff alleges that employees of GIANT negligently supplied gasoline to Defendant Denny, although it was reasonably apparent that he was intoxicated at the time of the sale. Plaintiffs allege further that it was foreseeable to the Tohatchi GIANT Store employee(s) that Denny was going to use the gasoline to continue to drive on roads, imperiling motorists. In doing so, the Tohatchi GIANT Store employee(s) violated the duty of ordinary care by negligently entrusting gasoline to Denny, an action for which their employer may be held

**EXHIBIT**

_A_

vicariously liable under the doctrine of *respondeat superior*. Additionally, Plaintiff alleges that GIANT may be held directly liable for its own negligence in failing to hire, train and adequately supervise employees on the selling and supplying of gasoline to intoxicated motorists and for failing to formulate and implement adequate policies to such sales.

Plaintiff also brings suit against Defendant Denny for negligently operating a motor vehicle while intoxicated and crashing into Decedent Marcellino Morris, Jr. causing Mr. Morris' death.

### I.   PARTIES

1.     Plaintiff Franklin J. Morris currently resides in Albuquerque, New Mexico. Plaintiff is the biological brother of Decedent Marcellino Morris, Jr. Decedent Marcellino Morris, Jr. resided in McKinley County, New Mexico, was unmarried, and had no children at the time of his death.

2.     The Honorable Robert A. Aragon of the Eleventh Judicial District Court, McKinley County, State of New Mexico, appointed Franklin J. Morris as the Personal Representative for the Wrongful Death Estate of Marcellino Morris, Jr. on March 19, 2013 in Case No. D-1113-CV-2013-00125, to allow Plaintiff to pursue potential causes of action in the State of New Mexico pursuant to the Wrongful Death Act, NMSA § 41-21-1 *et seq.* (1978). *See* Order Appointing Personal Representative to Pursue Wrongful Death Claims in Accordance with NMSA 1978, § 41-21-1 *et seq.*, attached as Exhibit 1. All potential heirs were notified of the appointment and no heirs have contested the appointment.

3.     Defendant GIANT is a foreign for-profit corporation incorporated under the laws of Arizona but is registered to do business in the State of New Mexico and on the Navajo

2

Reservation as the GIANT convenience store #7251 in Tohatchi, McKinley County, New Mexico.

4.     GIANT has appointed a registered agent, The Corporation Process Company, located at 205 E. Bender Suite 150, Hobbs, New Mexico 88240 and authorized to accept service of process for GIANT.

5.     At all times relevant hereto, Defendant Denny was a resident of McKinley County, New Mexico Upon information and belief, Denny is still under court supervision and has been moved from Federal prison in Englewood, Colorado to a half-way house in Tucson, Arizona as a result of the events complained of herein.

## II.     JURISDICTION AND VENUE

6.     Plaintiff incorporates the above paragraphs by this reference.

7.     This Court has personal and subject matter jurisdiction over the parties and subject matter herein.

8.     This Court has subject matter jurisdiction over this action as the events giving rise to this cause of action occurred in McKinley County, New Mexico.

9.     Venue is therefore proper before this Court pursuant to NMSA 1978, § 38-3-1(A) and (F).

## III.     FACTS COMMON TO ALL COUNTS

10.     Plaintiff hereby incorporates all prior paragraphs by this reference.

11.     On or around December 29, 2011, Denny drove between Window Rock, Arizona and Gallup, New Mexico.

12.     When Denny arrived in Gallup, he stopped at a convenience store and purchased a thirty-pack of 12 ounce Budweiser light beers.

3

13.   Upon information and belief, Denny began to consume some of that beer shortly thereafter.

14.   Approximately two hours later, at or around 9:00 p.m., Denny stopped at the Class Act Lounge in Gallup, New Mexico.

15.   Denny remained there for several hours and while he was there he consumed multiple alcoholic drinks.

16.   Denny left the Class Act Lounge around 2:00 a.m. on the following day with his cousin Fernando Begay.

17.   Denny dropped Fernando Begay off at an unknown location and continued to drive his vehicle north on highway 491, where he stopped in Tohatchi, New Mexico to pick up a friend, Cecelia Yazzie ("Yazzie").

18.   After Denny picked up Yazzie, he drove back onto U.S. Highway 491, but shortly thereafter his vehicle ran out of gas.

19.   Denny's vehicle stopped approximately ¾ of a mile north of the Tohatchi GIANT Store, which is located at 23 Highway 491 in Tohatchi, New Mexico.

20.   Denny and Yazzie walked to the Tohatchi GIANT Store to purchase gasoline so that Denny could restart his vehicle.

21.   Once they arrived at the Tohatchi GIANT Store, Denny purchased a gallon of water, which was promptly emptied, and then he turned around and purchased a gallon of regular unleaded gasoline for his vehicle, using the same container.

22.   Although Denny and Yazzie arrived at the Tohatchi GIANT Store on foot, it was reasonably apparent to the Tohatchi GIANT Store employee(s) who handled these sales transactions that Denny needed a single gallon of gasoline so that he could continue driving.

4

23.     Upon information and belief, it was also reasonably apparent to the Tohatchi GIANT Store employee(s) who handled these sales transactions that Denny was intoxicated at the time.

24.     Denny and Yazzie left the Tohatchi GIANT Store on foot and returned a short time thereafter in Denny's vehicle.

25.     When Denny and Yazzie returned to the Tohatchi GIANT Store, Denny purchased additional gasoline from the agent(s) and/or employee(s) of GIANT who was/were on duty there.

26.     Once again, it was reasonably apparent to GIANT's agent(s) and or employee(s) at the Tohatchi GIANT Store that Denny was intoxicated and that he was purchasing additional gasoline to continue driving.

27.     After Denny purchased additional gasoline from the Tohatchi GIANT Store, he drove south on U.S. Highway 491 with Yazzie, heading towards a turn-off to Chuska Lake.

28.     Denny drove Yazzie home at approximately 6:30 a.m., and after he dropped her off, he headed back north on U.S. Highway 491.

29.     While he was driving north, Denny passed out at the steering wheel and his vehicle crossed the centerline of Highway 491 somewhere near milepost 31.2, striking another vehicle that was traveling in the opposite direction.

30.     The other vehicle was being driven by Marcellino Morris, Jr. a resident of Tohatchi.

31.     Navajo Police Officer Daniel Kalleco from Crownpoint, New Mexico responded to the accident scene at approximately 7:04 a.m. on December 30, 2011.

32.     Officer Kalleco conducted an investigation of the accident and filled out a State of New Mexico Uniform Crash Report on December 30, 2011.

33.     Officer Kalleco reported that Denny's speech was slurred and his breath had a strong odor of alcohol when the Officer made contact with him.

5

34.    Officer Kalleco reported that he was unable to get an account of the accident from Denny, who kept dozing off.

35.    Officer Kalleco reported there was no physical evidence to indicate that Denny's vehicle took evasive action before it struck the vehicle that Marcellino Morris, Jr. was driving.

36.    Officer Kalleco reported that it was daylight when the accident occurred, that weather conditions were good and there were no apparent defects on the roadway at the accident scene.

37.    Marcellino Morris, Jr. was pronounced dead at the scene of the accident.

38.    Officer Kalleco reported that there was no evidence of the use of alcoholic beverages by Marcellino Morris, Jr.

39.    Officer Netty Etsitty of the Navajo Police Department transported Denny to the New Mexico State Police Department for a breathalyzer test using Intoxilyzer 8000 equipment.

40.    The results of that breathalyzer test showed that Denny's blood alcohol concentration was 0.08%.

41.    Officer Kalleco arrested Denny for driving under the influence, vehicular homicide and driving left of center.

42.    The U.S. Attorney's Office subsequently prosecuted Denny for violation of 18 U.S.C. §§ 1153, 1112 and 13, and NMSA 1978, § 66-8-102.

43.    Under New Mexico statute, an individual is presumed to be intoxicated when his BAC registers 0.08% or higher within three hours of driving a vehicle and the BAC results from alcohol consumed before or while driving the vehicle. *See* NMSA 1978, § 66-8-102(C)(1).

## IV.    CAUSES OF ACTION

### COUNT I: VICARIOUS LIABILITY FOR NEGLIGENT ENTRUSTMENT OF A CHATTEL

44.    Plaintiff hereby incorporates all prior paragraphs by this reference.

6

45.   At all times material to this action, GIANT, as an authorized retail seller of gasoline, knew that customers purchasing gasoline from its convenience store locations are using the gasoline to fuel motor vehicles.

46.   Additionally, as a foreign corporation registered to do business on the Navajo Reservation, GIANT knows that drunk driving poses an unreasonable risk to the safety and health of members of the public.

47.   Given these facts, among others, GIANT owed a duty of reasonable care to the motoring public, including Decedent Morris, and which duty included, without limitation, to refrain from selling or supplying gasoline to an intoxicated person when it is foreseeable that the intoxicated person is driving a vehicle or needs the gasoline to start an immobile vehicle.

48.   GIANT breached this duty by and through the negligent acts and omissions of its agent(s) and employee(s) at the Tohatchi GIANT Store, who, while acting in the course and scope of their employment, sold and/or provided gasoline to Denny on the morning of December 30, 2011 on two separate occasions, although it was reasonably apparent on both occasions that Denny was intoxicated and was going to use the gasoline to operate a motor vehicle within the Navajo Reservation.

49.   But for the fact that GIANT's agent(s) and/or employee(s) supplied gasoline to Denny when he arrived at the Tohatchi GIANT Store intoxicated and on foot in the morning of December 30, 2011 to purchase a single gallon of gasoline, he would not have been operating his vehicle that morning when his vehicle struck Descendant Morris' vehicle.

50.   And, likewise, but for the fact that GIANT's agent(s) and/or employee(s) supplied gasoline to Denny when he drove his vehicle back to the Tohatchi GIANT Store to make an

7

additional purchase of gas on December 30, 2011, he would not have been driving his vehicle that morning when he struck Decedent Morris' vehicle.

51.     It was also foreseeable that selling or supplying gasoline to Denny while he was intoxicated would pose an unreasonable risk to the motoring public, because:

a.      Denny initially arrived on foot and purchased a single gallon of gasoline, which indicated that his vehicle had run out of gasoline and was immobile and thus, the intended use of the gasoline was to fuel a vehicle so that it could go back out onto the road;

b.      the Tohatchi GIANT Store is situated just west of U.S Highway 491 in Tohatchi, which lies within McKinley County.

c.      the speed limit on U.S. Highway 491 is 65 miles per hour and thus, vehicles operate at highway traffic speeds, which increases the risk that motorists and occupants of motor vehicles will suffer serious injuries and fatalities when vehicles operated under the influence of intoxicating liquors collide;

d.      that Denny did not have an appropriate container for the one gallon of gasoline and was permitted to purchase, empty, and fill a gallon bottle not intended to be used as a storage device for gasoline.

52.     GIANT's negligence as described in this count, including the aggravating circumstances attending the wrongful acts, was a cause and/or contributing cause of Decedent's death, serious injuries and damages, including pain and suffering, mental anguish and distress, physical impairment, disfigurement, death, medical and funeral expenses, loss of earnings, loss of consortium, loss of enjoyment of life, and property damages for which Plaintiff seeks relief.

53.     The Restatement (Second) of Torts § 390 (1965) on negligent entrustment specifically provides that a person who supplies a chattel for use of another whom the supplier knows or has

8

reason to know is likely to use the chattel in a manner that involves unreasonable risk of harm to himself or others is liable for physical harm resulting from use of that chattel.

54.     The Restatement (Second) of Torts § 390 cmt. a (1965) states that this rule on negligent entrustment of a chattel applies to anyone who supplies a chattel, including, *inter alia*, "sellers."

55.     New Mexico courts have recognized negligent entrustment in the context of entrustment of a chattel. *See Gabaldon v. Erisa Mortg. Co.*, 1999-NMSA-¶ 24, 128 N.M. 84 (citing *Gabaldon*, 1997-NMCA-120, ¶¶ 22, 29, 124 N.M. at 304 949 P.2d at 1201).

56.     GIANT is vicariously liable under the doctrine of *respondeat superior* for the negligent acts and omissions that its agent(s) and employee(s) committed while acting within the course and scope of their employment, and GIANT ratified and approved said acts and/or gave its agents sufficient discretion and authority to hold GIANT liable for their actions.

57.     The conduct of GIANT, by and through its agents and employees acting in the course and scope of their employment, as described in COUNT I, was done willfully, recklessly, maliciously, and/or with utter indifference to or in conscious disregard for the safety of others and warrants punitive damages.

### COUNT II- DIRECT LIABILITY FOR NEGLIGENT HIRING, TRAINING, SUPERVISION

58.     Plaintiff hereby incorporates all prior paragraphs by this reference.

59.     At all material times, GIANT owed the duty to exercise ordinary care for the safety of others in hiring, training and supervising employees who would have authority to sell or supply gasoline to the public.

60.     This duty also encompassed the duty to adequately formulate and enforce policies and procedures in regard to the sale of gasoline to persons who will use the gasoline in a manner that

poses an unreasonable risk to the safety of others because the persons are intoxicated and will be using the gasoline to drive a vehicle.

61.     GIANT breached these duties by failing to properly hire, train, supervise and/or retain employees permitted to sell gasoline to the public and by failing to adequately formulate and enforce policies and procedures regarding the sale or provision of gasoline to intoxicated motorists.

62.     But for the fact that GIANT failed to properly hire, train and supervise the agents(s) and/or employee(s) of the Tohatchi GIANT Store in these matters and failed to formulate and enforce policies on restricting gasoline sales to intoxicated persons, Denny would not have been able to get his vehicle back out on the road on the morning of December 30, 2011 after it ran out of gas near the Tohatchi GIANT Store.

63.     It was also foreseeable that failing to properly hire, train, supervise, and retain employees and/or to formulate and enforce adequate policies on the sale of gasoline to intoxicated motorists would create a dangerous condition and an unreasonable risk of injury to others, including the Plaintiff.

64.     GIANT's negligence as described in this count, including the aggravating circumstances attending the wrongful acts, was a cause and/or contributing cause of Decedent's death, serious injuries and damages, including pain and suffering, mental anguish and distress, physical impairment, disfigurement, death, medical and funeral expenses, loss of earnings, loss of enjoyment of life, and property damages for which Plaintiff seeks relief.

65.     The conduct of GIANT, by and through its agents and employees acting in the course and scope of their employment, as described in COUNT II was done willfully, recklessly,

10

maliciously, and/or with utter indifference to or with conscious disregard for the safety of others and warrants punitive damages.

## COUNT III

### NEGLIGENCE AND NEGLIGENCE PER SE AGAINST DEFENDANT DENNY

66.   Plaintiff hereby incorporates all prior paragraphs by this reference.

67.   At all material times, Defendant Denny owed the duty to exercise ordinary care for the safety of others and their property.

68.   At all material times, Defendant Denny owed the duty to exercise ordinary care in the operation of the vehicle that he was driving.

69.   At all material times, Defendant Denny had the duty to keep a proper lookout and to maintain proper control of the vehicle that he was operating so as to avoid placing others in danger and to prevent a collision.

70.   Defendant Denny breached his duties of ordinary care on December 30, 2011 when he drove under the influence of intoxicating liquor; drove at a high rate of speed; failed to keep a proper lookout; failed to obey traffic signals; drove recklessly and carelessly; and crashed into the Decedent's vehicle, killing Decedent.

71.   Statutes were in effect in New Mexico on December 30, 2011, designed to protect members of the public, including Decedent. Defendant Denny violated these statutes and was negligent as a matter of law. The statutes that were violated include, without limitation:

> a. Obedience to any required traffic-control devices, NMSA 1978, § 66-7-104;
> b. Accidents involving death or personal injuries, NMSA 1978, § 66-7-201;
> c. Speed regulation, NMSA 1978, §66-7-3-1 (B);
> d. Driving While Under the Influence of Intoxicating Liquor, NMSA 1978, §66-8-102;
> e. Reckless Driving, NMSA 1978, §66-8-113;
> f. Careless Driving, NMSA 1978, §66-8-114; and/or
> g. Great Bodily Harm by Vehicle, NMSA 1978, §66-8-101.

11

72.     Defendant Denny's negligence as described in this count, including the aggravating circumstances attending the wrongful acts, was a cause and/or contributing cause of Decedent's death, serious injuries and damages, including pain and suffering, mental anguish and distress, physical impairment, disfigurement, death, medical and funeral expenses, loss of earnings, loss of enjoyment of life, and property damages for which Plaintiff seeks relief.

73.     The conduct of Defendant Denny, as described in COUNT III was done willfully, recklessly, maliciously, and/or with utter indifference to or with conscious disregard for the safety of others and warrants punitive damages.

### VI.   PRAYER FOR RELIEF

74.     Plaintiff requests that GIANT be both vicariously and/or directly liable for his damages to the extent allowed under New Mexico or other applicable law.

75.     Plaintiff requests punitive damages against all Defendants.

76.     Plaintiff requests monetary damages against all Defendants in an amount to be determined at trial to be both just and reasonable as allowed under applicable law.

77.     Plaintiff requests costs of suit, prejudgment and post-judgment interest, and any and all other appropriate redress available by law.

Dated:  December 18, 2014.

Respectfully submitted,

/s/ Zackeree S. Kelin
Zackeree S. Kelin z.kelin@kelinlaw.com
Kelin Law Firm, P.C.
111 Tulane Drive S. E.
Albuquerque, New Mexico 87106
(505) 242-7200
(505) 213-3399 fax
        *Attorneys for Plaintiff*

12

EXHIBIT 1

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/19/2013 3:34:03 PM
WELDON J. NEFF
*lgv*

ELEVENTH JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF McKINLEY

Case No. D-1113-CV-2013-00125

IN RE: APPOINTMENT OF
PERSONAL REPRESENTATIVE
TO PURSUE WRONGFUL
DEATH CLAIM ON BEHALF
OF MARCELLINO MORRIS, JR.,

     Deceased.

## ORDER APPOINTING PERSONAL REPRESENTATIVE
## TO PURSUE WRONGFUL DEATH CLAIMS
## IN ACCORDANCE WITH NMSA 1978, § 41-2-1 *et seq.*

WHEREAS, this matter having come before the Court on Petitioner Franklin J. Morris' *Petition for Appointment of Personal Representative to Pursue Wrongful Death Claims* in Accordance with NMSA 1978, § 41-2-1 *et seq.*, and the Court being fully advised of the premises and having found that the Petition is well taken and should be granted;

IT IS THEREFORE ordered that Franklin J. Morris is hereby appointed Personal Representative of the Wrongful Death Estate of Marcellino Morris, Jr. (deceased) pursuant to NMSA 1978, § 41-2-1 *et seq.*

IT IS FURTHER ordered that Franklin J. Morris, Brother; George Morris, Brother; Justin D. Morris, Brother; Ned Morris, Brother; Marcella Bryant, Sister; Josephine Henry, Sister; and Phillip A. Morris, Brother of the deceased, are hereby declared statutory beneficiaries under NMSA 1978, § 41-2-3.

So ordered this _19th__ day of _March__, 2013__.

1

Judge Robert A. Aragon
Eleventh Judicial District Court Judge


Submitted by:

Zackeree S. Kelin
Kelin Law Firm, P.C.
111 Tulane Drive S. E.
Albuquerque, New Mexico 87106
Phone: 505-242-7200
Fax:    505-213-3399
Email:  Z.kelin@kelinlaw.com

Counsel for Franklin J. Morris

2

STATE OF NEW MEXICO
COUNTY OF MCKINLEY
ELEVENTH JUDICIAL DISTRICT COURT

No. D-1113-CV 2014-00435

FRANKLIN J. MORRIS, as Personal
Representative of the Wrongful Death
Estate of MARCELLINO MORRIS, JR.,
(Deceased),

      Plaintiff,

vs.

GIANT FOUR CORNERS, INC. d/b/a
GIANT #7251 and ANDY RAY DENNY,
an Individual,

      Defendants.

## ENTRY OF APPEARANCE

      The law firm of Rodey, Dickason, Sloan, Akin & Robb, P.A. (Andrew G. Schultz and

Matthew M. Beck) enters its appearance in this matter on behalf of Defendant Giant Four

Corners, Inc.

           RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By: *"Electronically Filed" /s/ Andrew G. Schultz*
      Andrew G. Schultz
      Matthew M. Beck
P.O. Box 1888
Albuquerque, NM 87103
Telephone:   (505) 765-5900
Facsimile:   (505) 768-7395
E-mail:     aschultz@rodey.com
             mbeck@rodey.com

*Attorneys for Defendant Giant Four Corners, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **20th** day of January, 2015, I filed the foregoing electronically, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

> Zackeree S. Kelin
> The Kelin Law Firm
> 111 Tulane Drive, SE
> Albuquerque, NM  87106
> z.kelin@kelinlaw.com

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By:  *"Electronically Filed" /s/ Andrew G. Schultz*
     Andrew G. Schultz

STATE OF NEW MEXICO
COUNTY OF MCKINLEY
ELEVENTH JUDICIAL DISTRICT COURT

No. D-1113-CV 2014-00435

FRANKLIN J. MORRIS, as Personal
Representative of the Wrongful Death
Estate of MARCELLINO MORRIS, JR.,
(Deceased),

       Plaintiff,

vs.

GIANT FOUR CORNERS, INC. d/b/a
GIANT #7251 and ANDY RAY DENNY,
an Individual,

       Defendants.

## DEFENDANT GIANT FOUR CORNERS, INC.'S
## ANSWER TO COMPLAINT FOR WRONGFUL DEATH

    Defendant Giant Four Corners, Inc. ("Giant"), for its answer to the Complaint for Wrongful Death, states as follows:

### FIRST DEFENSE

    1.     Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 1, and therefore, denies same.

    2.     As to the allegations contained in paragraph 2, Giant states that the Order attached to the Complaint speaks for itself and should be read in its entirety.  Giant is without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations contained in paragraph 2, and therefore, denies same.

    3.     The allegations of paragraph 3 are admitted.

    4.     The allegations of paragraph 4 are admitted.

5.      As to the allegations contained in paragraph 5, Giant states that, upon information and belief, Defendant Denny voluntarily resides in, and is a citizen of, Arizona.  The remaining allegations contained in paragraph 5 do not appear to pertain to Giant and do not require a response.  To the extent that any of the remaining allegations contained in paragraph 5 require a response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations contained in paragraph 5, and therefore, denies same.

6.      Giant incorporates by reference all of its admissions, denials and responses to paragraphs 1 through 5 of the Complaint.

7.      The allegations contained in paragraph 7 set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 7 require a response, they are denied.

8.      The allegations contained in paragraph 8 set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 8 require a response, they are denied.

9.      The allegations contained in paragraph 9 set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 9 require a response, they are denied.

10.     Giant incorporates by reference all of its admissions, denials and responses to paragraphs 1 through 9 of the Complaint.

11.     The allegations contained in paragraph 11 do not appear to pertain to Giant and do not require a response.  To the extent that any of the allegations contained in paragraph 11 require a response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 11, and therefore, denies same.

12.     The allegations contained in paragraph 12 do not appear to pertain to Giant and do not require a response.  To the extent that any of the allegations contained in paragraph 12 require a response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 12, and therefore, denies same.

13.     The allegations contained in paragraph 13 do not appear to pertain to Giant and do not require a response.  To the extent that any of the allegations contained in paragraph 13 require a response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 13, and therefore, denies same.

14.     The allegations contained in paragraph 14 do not appear to pertain to Giant and do not require a response.  To the extent that any of the allegations contained in paragraph 14 require a response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 14, and therefore, denies same.

15.     The allegations contained in paragraph 15 do not appear to pertain to Giant and do not require a response.  To the extent that any of the allegations contained in paragraph 15 require a response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 15, and therefore, denies same.

16.     The allegations contained in paragraph 16 do not appear to pertain to Giant and do not require a response.  To the extent that any of the allegations contained in paragraph 16 require a response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 16, and therefore, denies same.

17.     The allegations contained in paragraph 17 do not appear to pertain to Giant and do not require a response.  To the extent that any of the allegations contained in paragraph 17 require a response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 17, and therefore, denies same.

18.     The allegations contained in paragraph 18 do not appear to pertain to Giant and do not require a response.  To the extent that any of the allegations contained in paragraph 18 require a response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 18, and therefore, denies same.

19.     The allegations contained in paragraph 19 do not appear to pertain to Giant and do not require a response.  To the extent that any of the allegations contained in paragraph 19 require a response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 19, and therefore, denies same.

20.     Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 20, and therefore, denies same.

21.     Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 21, and therefore, denies same.

22.     The allegations contained in paragraph 22 are denied.

23.     The allegations contained in paragraph 23 are denied.

24.     Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 24, and therefore, denies same.

25.     Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 25, and therefore, denies same.

26.     The allegations contained in paragraph 26 are denied.

27.     The allegations contained in paragraph 27 do not appear to pertain to Giant and do not require a response.  To the extent that any of the allegations contained in paragraph 27 require a response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 27, and therefore, denies same.

28.     The allegations contained in paragraph 28 do not appear to pertain to Giant and do not require a response. To the extent that any of the allegations contained in paragraph 28 require a response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 28, and therefore, denies same.

29.     The allegations contained in paragraph 29 do not appear to pertain to Giant and do not require a response. To the extent that any of the allegations contained in paragraph 29 require a response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 29, and therefore, denies same.

30.     Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 30, and therefore, denies same.

31.     Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 31, and therefore, denies same.

32.     Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 32, and therefore, denies same.

33.     Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 33, and therefore, denies same.

34.     Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 34, and therefore, denies same.

35.     Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 35, and therefore, denies same.

36.     Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 36, and therefore, denies same.

37.     Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 37, and therefore, denies same.

38.     Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 38, and therefore, denies same.

39.     Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 39, and therefore, denies same.

40.     Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 40, and therefore, denies same.

41.     Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 41, and therefore, denies same.

42.     Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 42, and therefore, denies same.

43.     As to the allegations contained in paragraph 43, Giant states that the statute speaks for itself and should be read in its entirety.  Giant further states that the allegations contained in paragraph 43 set forth a legal conclusion and do not require a response.  To the extent that any of the remaining allegations contained in paragraph 43 require a response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations contained in paragraph 43, and therefore, denies same.

44.     Giant incorporates by reference all of its admissions, denials and responses to paragraphs 1 through 43 of the Complaint.

45.     As to the allegations contained in paragraph 45, Giant admits that it is an authorized retail seller of gasoline.  The remaining allegations contained in paragraph 45 are denied.

46.     As to the allegations contained in paragraph 46, Giant admits that drunk driving poses a risk to the safety and health of members of the public.  The remaining allegations contained in paragraph 46 are denied.

47.     The allegations contained in paragraph 47 set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 47 require a response, they are denied.

48.     The allegations contained in paragraph 48 set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 48 require a response, they are denied.

49.     Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 49 and therefore, denies same.

50.     Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 50, and therefore, denies same.

51.     The allegations contained in paragraph 51, and each of its subparagraphs, are denied.

52.     The allegations contained in paragraph 52 set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 52 require a response, they are denied.

53.     The allegations contained in paragraph 53 set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 53 require a response, Giant admits that Restatement (Second) Torts § 390 (1965) provides, in part, that a person "who supplies ... a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others ... is subject to liability for physical harm resulting to them."  The remaining allegations contained in paragraph 53 are denied.

54.     The allegations contained in paragraph 54 set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 54 require a response, Giant admits that Restatement (Second) of Torts § 390 comment a (1966) states, in part, that Section 390 "applies to anyone who supplies a chattel for the use of another. It applies to sellers, lessors, donors or lenders, and to all kinds of bailors... ."  The remaining allegations contained in paragraph 54 are denied.

55.     The allegations contained in paragraph 55 set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 55 require a response, Giant states that the opinions cited in this paragraph speak for themselves and should be read in context and in their entirety.  In addition, to the extent that any of the allegations contained in paragraph 55 are meant to apply to the facts and circumstances of the present case, they are denied.

56.     The allegations contained in paragraph 56 set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 56 require a response, they are denied.

57.     The allegations contained in paragraph 57 are denied.

58.     Giant incorporates by reference all of its admissions, denials and responses to paragraphs 1 through 57 of the Complaint.

59.     The allegations contained in paragraph 59 set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 59 require a response, they are denied.

60.     The allegations contained in paragraph 60 set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 60 require a response, they are denied.

8

61.     The allegations contained in paragraph 61 set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 61 require a response, they are denied.

62.     The allegations contained in paragraph 62 set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 62 require a response, they are denied.

63.     The allegations contained in paragraph 63 set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 63 require a response, they are denied.

64.     The allegations contained in paragraph 64 are denied.

65.     The allegations contained in paragraph 65 are denied.

66.     Giant incorporates by reference all of its admissions, denials and responses to paragraphs 1 through 65 of the Complaint.

67.     The allegations contained in paragraph 67 do not appear to pertain to Giant and do not require a response.  Moreover, these allegations set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 67 require a response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 67, and therefore, denies same.

68.     The allegations contained in paragraph 68 do not appear to pertain to Giant and do not require a response.  Moreover, these allegations set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 68 require a response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 68, and therefore, denies same.

69. The allegations contained in paragraph 69 do not appear to pertain to Giant and do not require a response. Moreover, these allegations set forth a legal conclusion and do not require a response. To the extent that any of the allegations contained in paragraph 69 require a response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 69, and therefore, denies same.

70. The allegations contained in paragraph 70 do not appear to pertain to Giant and do not require a response. Moreover, these allegations set forth a legal conclusion and do not require a response. To the extent that any of the allegations contained in paragraph 70 require a response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 70, and therefore, denies same.

71. The allegations contained in paragraph 71 and each of its subparagraphs do not appear to pertain to Giant and do not require a response. Moreover, these allegations set forth a legal conclusion and do not require a response. To the extent that any of the allegations contained in paragraph 71 and each of its subparagraphs require a response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 71, and therefore, denies same.

72. The allegations contained in paragraph 72 do not appear to pertain to Giant and do not require a response. Moreover, these allegations set forth a legal conclusion and do not require a response. To the extent that any of the allegations contained in paragraph 72 require a response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 72, and therefore, denies same.

73. The allegations contained in paragraph 73 do not appear to pertain to Giant and do not require a response. Moreover, these allegations set forth a legal conclusion and do not require a response. To the extent that any of the allegations contained in paragraph 73 require a

response, Giant is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 73, and therefore, denies same.

74.     The allegations contained in paragraph 74 set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 74 require a response, they are denied.  Giant affirmatively states that Plaintiff is not entitled to the relief set forth in paragraph 74.

75.     The allegations contained in paragraph 75 set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 75 require a response, they are denied.  Giant affirmatively states that Plaintiff is not entitled to the relief set forth in paragraph 75.

76.     The allegations contained in paragraph 76 set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 76 require a response, they are denied.  Giant affirmatively states that Plaintiff is not entitled to the relief set forth in paragraph 76.

77.     The allegations contained in paragraph 77 set forth a legal conclusion and do not require a response.  To the extent that any of the allegations contained in paragraph 77 require a response, they are denied.  Giant affirmatively states that Plaintiff is not entitled to the relief set forth in paragraph 77.

<u>SECOND DEFENSE</u>

The Complaint, and each statement of claims, fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The Court lacks jurisdiction over the subject matter of the Complaint, and each statement of claims.

## FOURTH DEFENSE

The State of New Mexico may not regulate on this issue; therefore, Navajo law, and not the laws of the State of New Mexico, apply.

## FIFTH DEFENSE

Plaintiff has failed to exhaust his remedies in tribal court.

## SIXTH DEFENSE

If Plaintiff's decedent was injured as alleged, which specifically is denied, then the injuries and damages resulted from an independent, intervening cause for which Giant may not be held responsible.

## SEVENTH DEFENSE

If Plaintiff's decedent was injured as alleged, which specifically is denied, then the injuries and damages resulted from the fault of third parties for which Giant may not be held responsible.

## EIGHTH DEFENSE

If Giant was at fault as alleged, which specifically is denied, then the fault of Giant should be compared to the fault of other persons, both parties and non-parties to the present action, and any recovery against Giant should be reduced accordingly.

## NINTH DEFENSE

If Giant sold gasoline alleged, which specifically is denied, then it did not sell gasoline to a person who was intoxicated.

## TENTH DEFENSE

If Giant sold gasoline as alleged, which specifically is denied, then it was not reasonably apparent to Giant that the person buying or receiving gasoline was intoxicated.

## ELEVENTH DEFENSE

If Giant sold gasoline as alleged, which specifically is denied, then Giant did not know from the circumstances that the person buying or receiving gasoline was intoxicated.

## TWELFTH DEFENSE

Giant's conduct was not the proximate cause of the alleged damages to Plaintiff's decedent.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Giant has at all times satisfied any and all duties it owed to Plaintiff's decedent and has not breached any duty of any kind owed to Plaintiff's decedent, whether arising by law or by contract or otherwise.

## FOURTEENTH DEFENSE

The imposition of punitive damages is unwarranted and is barred or limited in amount by the Constitution of the United States and the Constitution of the State of New Mexico.

## FIFTEENTH DEFENSE

Giant denies all allegations in Plaintiff's Complaint not specifically admitted.


WHEREFORE Defendant Giant Four Corners, Inc. prays that Plaintiff's Complaint for Wrongful Death, and each of its individual counts asserting claims against it, be dismissed with prejudice and that the Court enter an award in favor of Giant for its reasonable attorneys' fees for defending this action, together with all taxable costs and other relief to which it may be entitled.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By: *"Electronically Filed" /s/ Andrew G. Schultz*
      Andrew G. Schultz
      Matthew M. Beck
P.O. Box 1888
Albuquerque, NM 87103
Telephone:    (505) 765-5900
Facsimile:     (505) 768-7395
E-mail:        aschultz@rodey.com
              mbeck@rodey.com

*Attorneys for Defendant Giant Four Corners, Inc.*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __20th__ day of January, 2015, I filed the foregoing electronically, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and also served via first class mail the following:

      Zackeree S. Kelin
      The Kelin Law Firm
      111 Tulane Drive, SE
      Albuquerque, NM  87106
      z.kelin@kelinlaw.com

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By: *"Electronically Filed" /s/ Andrew G. Schultz*
      Andrew G. Schultz