IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANKLIN J. MORRIS, as Personal
Representative of the Wrongful Death
Estate of MARCELLINO MORRIS, JR.
(Deceased),

        Plaintiff,

v.                                                                      1:15-CV-00055 JCH-LF

GIANT FOUR COURNERS, INC. d/b/a
GIANT #7251,

        Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S 12(B)(6) MOTION TO DISMISS

This matter comes before the Court on Defendant Giant Four Corners, Inc.'s Rule 12(B)(6) Motion to Dismiss Plaintiff's Complaint for Wrongful Death or, in the Alternative, to Stay the Case Pending Plaintiff's Exhaustion of His Tribal Court Remedies **[Doc. 38]** (Motion to Dismiss). The Motion to Dismiss presents the question of whether a tribal court dismissal based on tribal statute of limitation grounds should serve as a res judicata bar to the same suit brought under New Mexico law in U.S. Federal District Court. After reviewing the motions, briefs, and applicable law, the Court concludes that the Navajo Nation District Court's dismissal on statute of limitations grounds does not have preclusive effect on the current proceedings, and, therefore, the motion will be denied.

**BACKGROUND**

This case arises out of an automobile collision that occurred on December 30, 2011, in which Decedent, Marcellino Morris, was killed. **[Doc. 1-1]** The Plaintiff, Decedent's estate, contends that Defendant Giant Four Corners is liable for Decedent's death under two theories of negligence—negligent entrustment based on Defendant's sale of gasoline to Andy Ray Denny, the driver of the other vehicle, who was visibly intoxicated, and negligent hiring, training, and supervision of the employees who sold the gasoline to Denny. **[Doc. 1-1, p. 1-2]**

Franklin Morris, the representative of the estate Plaintiff, and Denny are both members of the Navajo Nation, as was Decedent. Defendant is not a member but is registered to conduct business on the reservation, and the events giving rise to Plaintiff's claims all occurred on the reservation. **[Doc. 38-1]** Accordingly, Plaintiff originally filed suit in the District Court of the Navajo Nation in Crownpoint. **[Doc. 38-1]** Defendant moved for summary judgment, contending that Plaintiff's suit was filed after the two-year statute of limitations for personal injury claims under the Navajo Nation Code. *See* 7 N.N.C. § 602(A)(1). **[Doc. 38-2, p. 1-2]** Plaintiff argued that his complaint was constructively filed on December 27, 2013, when it was faxed to the Navajo Court Clerk which was within the two-year statute of limitations. **[Doc. 38-3]** Defendant argued that the effective date of filing was January 13, 2014, based on the date the clerk stamped the document. **[Doc. 38-2, 38-4]** The District Court of the Navajo Nation ultimately agreed with Defendant and granted the motion for summary judgment. **[Doc. 38-5]** Plaintiff has appealed the decision to the Navajo Nation Supreme Court and is currently awaiting a ruling on that appeal.

Before the tribal court issued a decision on the summary judgment motion, Plaintiff filed a wrongful death complaint alleging vicarious liability for negligent entrustment of a chattel and direct liability for negligent hiring, training, and supervision in New Mexico state district court.

**[Doc. 1-1]** Defendant removed the case to Federal District Court in the District of New Mexico. **[Doc. 1]** On November 5, 2015, Defendant filed the instant motion to dismiss under Rule 12(b)(6), or, in the alternative to stay the case pending Plaintiff's exhaustion of tribal court remedies, arguing the case should be precluded under the doctrine of res judicata. **[Doc. 38]** The Court ordered the case stayed until November 29, 2016, when, although the Navajo Nation Supreme Court had not yet issued a decision on the matter, the parties requested that the Court lift the stay and proceed to decide the motion. **[Doc. 55, 58, 63]** The Court now considers the parties' arguments on Defendant's motion to dismiss under Rule 12(b)(6).

## DISCUSSION

Defendant argues that Plaintiff's current lawsuit in federal court is merely an attempt to relitigate the claims that were decided on summary judgment in tribal court and should be barred under comity principles and the doctrine of res judicata. **[Doc. 38]** Plaintiff responds that under New Mexico law, a dismissal of a claim as time-barred is not a decision on the merits, and the case should be allowed to proceed under the three-year statute of limitations for wrongful death claims in New Mexico. **[Doc. 41]**

### *Legal Standard*

Rule 12(b)(6) allows for the dismissal of a complaint where the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (internal citation omitted). In considering dismissal under Rule 12(b)(6), the Court will "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the

plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). A complaint will survive a Rule 12(b)(6) motion if it "contains 'enough facts to state a claim to relief that is plausible on its face.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

A Rule 12(b)(6) motion is generally decided on the face of the pleadings themselves, and consideration of matters outside the pleadings generally converts a Rule 12(b)(6) motion into a motion for summary judgment. *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253 (10th Cir. 2005). However, the Tenth Circuit has recognized that "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264–65 n.24 (10th Cir. 2006). "This includes another court's publicly filed records 'concerning matters that bear directly upon the disposition of the case at hand.' " *Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017) (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

### *Res Judicata*

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 414, 66 L. Ed. 2d 308 (1980). Res judicata promotes judicial economy by reducing unnecessary, duplicative litigation and promotes comity between separate jurisdictions by fostering reliance on existing adjudications. *Id* at 95-96. Res judicata will preclude a subsequent suit where the following elements are satisfied: "(1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit." *Nwosun v. Gen. Mills Restaurants, Inc.*,

124 F.3d 1255, 1257 (10th Cir. 1997). Similarly, even where two causes of action present different claims, "issue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue." *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014). Relitigation of an issue will be precluded where:

> (1) the issue previously decided is *identical* with the one presented in the action in question,
> (2) the prior action has been *finally adjudicated on the merits,*
> (3) the party against whom the doctrine is invoked was a *party or in privity with a party* to the prior adjudication, and
> (4) the party against whom the doctrine is raised had a *full and fair opportunity to litigate* the issue in the prior action.

*Id*.

Generally, summary judgment operates as a final ruling on the merits. However, the Supreme Court has recognized that certain judgments "on the merits" which do not actually pass on the substance of the claim are not necessarily entitled to preclusive effect. *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501-02, 121 S. Ct. 1021, 1025 (2001). Summary judgment dismissing an action as barred by a statute of limitations is an example of an area in which preclusion is not automatic. *See* Restatement (Second) of Judgments § 19 (1982) (stating that although the Full Faith and Credit Clause would normally support barring a subsequent action in a different jurisdiction, this was not necessarily the case where the action was barred only under the limitations statute of the first forum and not the second). Certainly, where the subsequent action would apply the same statute of limitations under which the first claim was already dismissed, res judicata would bar the second action. *See, e.g., DeVargas v. Montoya*, 796 F.2d 1245 (10th Cir. 1986) *overruled on other grounds by Newcomb v. Ingle*, 827 F.2d 675 (10th Cir. 1987); *see also* 18A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4441 (2d ed. 2016 update) (explaining that "if the second forum would

decide independently to apply the same statute of limitations as led to the first dismissal," the second action is precluded). On the other hand, "[i]f the second forum would decide independently to apply a longer period of limitations…, the traditional rule has been that it is free to proceed with the second action." *Id*.

Case law on the issue generally supports the notion that a dismissal on statute of limitations grounds will not preclude a second action if the statute of limitations in the second forum would not independently bar the claim, with some exceptions. One such exception is where the first forum is a federal court in one state, and the second forum is a federal court located in another state. There, the effect of the dismissal in the first forum is determined according to Federal Rule of Civil Procedure 41(b), which delineates the preclusive effect of federal actions. *See Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128-29 (1991) (holding under Rule 41(b) that a dismissal by a federal district court in Kansas for failure to comply with the Kansas statute of limitations precluded an action in federal court in New Mexico, even though the New Mexico statute of limitations would not bar the action).

Absent the application of Rule 41(b)—that is, in cases where the first forum is not a federal court—res judicata will not operate to bar a subsequent action in which the second forum would apply a longer statute of limitations. For example, in *Reinke v. Boden*, 45 F.3d 166 (7th Cir. 1995), the United States Court of Appeals held that a Minnesota state court's determination that the action was barred under the Minnesota statute of limitations was not res judicata concerning whether it was time barred under Illinois law. The *Reinke* Court distinguished that case from cases involving successive federal actions, and concluded that although the application of Rule 41(b) and interests of intrasystem judicial economy support application of res judicata between two federal actions, "Minnesota has no interest in barring further litigation in another

forum, state or federal." *Reinke*, 45 F.3d at 172. Thus, the prior dismissal in a non-federal forum applying a different statute of limitations was not res judicata in the latter federal action. *Id*.

Here, the prior action was dismissed under the two-year statute of limitations in the Navajo Nation Code. However, the claims filed in this Court would be governed by New Mexico's three-year statute of limitations. *See Dow Chem. Corp. v. Weevil–Cide Co., Inc.,* 897 F.2d 481, 483–84 (10th Cir.1990) ( "A federal court hearing a diversity action applies the statute of limitations which would be applied by a court of the forum state."); NMSA 1978, § 37-1-8 (providing a limitations period of three years in personal injury cases). Because the two actions at issue here apply different statutes of limitation, this Court applies the general rule that res judicata does not bar the subsequent action. *See* Restatement (Second) of Judgments § 19. Further, because the dismissal of the first action did not occur in federal court, the Rule 41(b) analysis of the preclusive effect of federal judgments does not apply to cause a different result. *See Reinke*, 45 F.3d at 170-72. In short, the determination that the tribal court action was not filed within the two-year statute of limitations provided by the Navajo Nation Code does not address an issue identical to one subsequently presented here, so it does not preclude Plaintiff's instant action. Accordingly, Defendant's motion shall be denied.

### *Comity and Tribal Sovereign Immunity Concerns*

Defendant argues that principles of comity and tribal sovereign immunity support dismissal of the instant case and that allowing Plaintiff to proceed in this Court "ignores completely the policy that federal review of tribal court jurisdiction is *not* 'an invitation for federal courts to exercise unnecessary judicial paternalism in derogation of tribal self-governance.'" **[Doc. 38, p. 13]** The Court disagrees, emphasizing that its analysis in this case

does not include a review of tribal court jurisdiction, but rather accepts the jurisdiction as valid and only considers what effect the exercise of that jurisdiction has on this case in federal court.

Principles of comity apply when a district court is asked to recognize and enforce a tribal court judgment. *Wilson v. Marchington*, 127 F.3d 805, 807 (9th Cir. 1997). Federal courts generally have discretion in recognizing and enforcing tribal court judgments, but recognition must be refused where: (1) the tribal court lacked personal or subject matter jurisdiction or (2) where the party against whom enforcement is sought was not afforded due process of law. *MacArthur v. San Juan County*, 497 F.3d 1057, 1067 (10th Cir. 2007). Here, the parties have not challenged whether the tribal court had jurisdiction over the matter or whether plaintiff was afforded due process when the tribal court entered its order of dismissal. This Court recognizes the tribal court order as valid and enforceable, such that the tribal court case is deemed dismissed for untimely filing based on the statute of limitations in the Navajo Nation Code.[1] However, as explained above, the Court concludes that a grant of summary judgment based on failure to comply with the statute of limitations of one jurisdiction does not preclude a subsequent action in another jurisdiction in which a longer limitations period would apply. Because this Court's order on the matter does not pass on the validity of the Navajo Nation Tribal Court's ruling, it does not implicate comity and tribal sovereignty principles. That is, the sole question resolved here is whether a valid, enforceable tribal court order dismissing the tribal court proceedings as untimely has a preclusive effect on a subsequent federal case applying a different, longer statute of limitations. For the foregoing reasons, the Court concludes that Defendant's motion to dismiss will be denied.

---

[1] The Court recognizes that the dismissal is still pending on appeal to the Navajo Nation Supreme Court. However, for purposes of deciding this motion, the Court recognizes the most recent tribal court decision, which was the dismissal of Plaintiff's claims by the tribal district court.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Giant Four Corners, Inc.'s Rule 12(B)(6) Motion to Dismiss Plaintiff's Complaint for Wrongful Death or, in the Alternative, to Stay the Case Pending Plaintiff's Exhaustion of His Tribal Court Remedies **[Doc. 38]** is **DENIED**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**